NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROBERT R. HILL, *pro se*, | : |
| Plaintiff, | : Civ. No. 05-6037 (GEB) |
| v. | : **MEMORANDUM OPINION** |
| C/O SANTIAGO, *et al.*, | : |
| Defendants. | : |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of defendant Ocean County Department of Corrections ("Defendant") to dismiss pro se plaintiff Robert R. Hill's ("Plaintiff") Complaint. The Court, having considered Defendant's submission and having decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, denies Defendant's motion to dismiss the Complaint.

**I. BACKGROUND**

On or about December 28, 2005, Plaintiff filed his Complaint alleging violations of his civil rights under 42 U.S.C. § 1983 against Defendant, two corrections officers employed by Defendant, and their commanding officer, for an incident occurring while Plaintiff was confined by Defendant. On January 25, 2006, the Court entered an Order, inter alia, deeming dismissal of the Complaint not warranted under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, granting Plaintiff's application to proceed in forma pauperis, and instructing the Clerk to provide Plaintiff with

notice of the opportunity to apply in writing for the appointment of pro bono counsel and providing the form for him to do so.

On or about March 22, 2006, Defendant filed the instant motion to dismiss Plaintiff's Complaint. The Court has no record of any opposition filed by Plaintiff.

**II. DISCUSSION**

A. Standard for a Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. Oran v. Stafford, 226 F.3d 275, 279 (3d Cir. 2000); Langford v. City of Atlantic City, 235 F.3d 845, 850 (3d Cir. 2000); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986). The Court may not dismiss a complaint unless plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir.), cert. denied, 474 U.S. 935 (1985). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Under Rule 12(b)(6), the Court must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Turbe v. Government of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)(citing Unger v. Nat'l Residents Matching Program, 928 F.2d 1392, 1394-95 (3d Cir. 1991)); see also Langford, 235 F.3d at 850; Dykes v.

Southeastern Pa. Transp. Auth., 68 F.3d 1564, 1565 n.1 (3d Cir. 1995), cert. denied, 517 U.S. 1142 (1996); Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  A complaint may be dismissed for failure to state a claim where it appears beyond any doubt "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(citation omitted).

A complaint should not be dismissed unless it appears beyond doubt that "the facts alleged in the complaint, even if true, fail to support the . . . claim . . . ." Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).  Legal conclusions made in the guise of factual allegations, however, are given no presumption of truthfulness.  Papasan v. Allain, 478 U.S. 265, 286 (1986)(citation omitted); see also Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)(stating that "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.")(citations omitted)).

    B.   The Facts Alleged in Plaintiff's Complaint May Support the Claim for Cruel and Unusual Punishment

Defendant concedes that a violation of a prisoner's Eighth Amendment rights may occur when force is applied maliciously and sadistically for the very purpose of causing harm, but asserts that the record does not support Plaintiff's claims.  However, the well settled standard for motions under Rule 12(b)(6), set forth above, frames the issue as not whether Plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims.  Given Defendant's arguments in favor of its motion to dismiss that responded to claims it discerned in Plaintiff's Complaint and the requirement that Plaintiff's pro se Complaint should be construed

liberally, see Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004), the Court finds that Plaintiff's Complaint sufficiently states a claim under which relief could be granted. Consequently, the Court denies Defendant's motion to dismiss, but without prejudice to the filing of a motion under Rule 56.

The Court also notes that Plaintiff did not file formal opposition to Defendant's motion, he submitted a brief letter to the Court voicing opposition to Defendant's motion and stating that he is waiting for his assigned counsel.  However, the Court has no record of Plaintiff submitting an application for appointment of pro bono counsel, despite ordering that Plaintiff be provided with the form to do so.  Therefore, the Court will again instruct the Clerk to provide Plaintiff with the applicable notice and application.

**III.  CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss the Complaint is denied.  An appropriate form of order is filed herewith.


Dated: May 5, 2006


    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.